**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN TURNER, | No.    18-15923 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-01486-CRB |
| v. | |
| L. NOLAN; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted August 19, 2019[**]

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

California state prisoner Edwin Turner appeals pro from the district court's

summary judgment in his action alleging deliberate indifference and retaliation

claims related to the treatment of his heart palpitations and pain.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

The district court properly granted summary judgment on Turner's deliberate indifference claim because Turner failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in the treatment of Turner's heart palpitations and pain.  *See id.* at 1057-60 (deliberate indifference is a high legal standard; a difference of medical opinion concerning the course of treatment, negligence, or medical malpractice does not amount to deliberate indifference).

The district court properly granted summary judgment on Turner's retaliation claim against defendants Jacobsen and Risenhoover because Turner failed to raise a genuine dispute of material fact as to whether these defendants took any adverse action against him because of his protected conduct.  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context); *see also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("[M]ere speculation that defendants acted out of retaliation is not sufficient.").

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Turner's state law claim.  *See* 28 U.S.C. § 1367(c)(3) (permitting district court to decline supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction"); *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1107 (9th Cir. 2010) (standard of review).

18-15923

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**